UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

THOMAS W. WILDER,

Plaintiff,

v.

NRT, INC., d/b/a Coldwell Banker Burnet Realty and Burnet Title, CECELIA MAH HIPPE, JAMES DORFSMAN, EDINA REALTY, DAN DIEBOLD, THE FLOUR CITY ODD FELLOWS BUILDING ASSOCIATION, INC. and GRAND LODGE OF MINNESOTA, INDEPENDENT ORDER OF ODD FELLOWS,

Defendants.

Civil No. 00-1131 (RHK/JMM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)

FILED MAY 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(per curiam).[1]

In this case, Plaintiff is attempting to sue several individuals, corporations and organizations that allegedly were involved in a fraudulent scheme involving a certain parcel of real estate located in Minneapolis, Minnesota. As far as the Court can discern, Plaintiff believes that one of the named Defendants, Cecelia Mah Hippe, somehow acquired possession of the subject property, even though she never obtained a valid legal title to the property. After becoming the "straw buyer" of the property, Defendant Hippe, allegedly caused Plaintiff's coffee shop business to be evicted from the property. Plaintiff evidently believes that the other named Defendants played various roles in Defendant Hippe's fraudulent scheme to evict him, but his Complaint does not explain what those roles allegedly were.

Although Plaintiff seeks "restitution" for alleged pecuniary losses, it appears that his primary purpose in filing this lawsuit is far more quixotic. He states that he has commenced this action "much in the spirit of a Qui Tam Whistleblower case, where the objective is public relief from 'historic title distress' at the subject property, and also an aggressive investigation into possible City of Minneapolis attempts to cover up aspects of this conflict." (Complaint, [Docket No. 1], p. 4.) He further characterizes this action as one

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

in which "[t]he Court is being asked to solve an impossibly difficult social problem stemming from a longstanding combination of private real estate fraud, quasi blockbusting activity, apparent mortgage flipping activity by a former City lawyer, and City/County government confusion as to ownership at the subject property." (Id. pp. 5-6; emphasis added.)

To plead an actionable claim for relief based on fraud, Plaintiff must comply with Fed. R. Civ. P. 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." (Emphasis added.) "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments, Inc. v. Quality Inns International, Inc., 61 F.3d 639, 644 (8th Cir. 1995). The "circumstances constituting fraud," which are to be pleaded with sufficient particularity in order to state an actionable fraud claim, include "the time, place, and contents of the alleged fraud; the identity of the person allegedly committing fraud; and what was given up or obtained by the alleged fraud." Roberts v. Francis, 128 F.3d 647, 651 (8th Cir. 1997).

Plaintiff's current pleading does not satisfy the requirements of Rule 9(b), because it does not include sufficient factual averments describing specific fraudulent acts allegedly committed by the individual named Defendants. Instead, the Complaint consists of allegations that are purely conclusory. Plaintiff alleges, for example, that

> "the real estate transaction was intended as a peculiar fraud existing for the purpose of displacing the Plaintiff and other Caucasian small business owners. The resulting transaction created a situation where nobody really knew who owned the building, or who had the legal right to be controlling it."

(Complaint, p. 9.) It is further alleged that "the activities of the Defendants were intended as a sophisticated type of real estate fraud involving the use of multiple deeds and unlawful financing arrangements, for the purpose of displacing tenants and effectuating a racial agenda." (Complaint, p. 7.) Vague allegations such as these, (which are found throughout the instant Complaint), are merely conclusory, and do not satisfy the "particularity" requirement of Rule 9(b).

Furthermore, the Complaint does not attribute any specific wrongful act or omission to any particular named Defendant. Except for a few instances in which Defendant Hippe is specifically identified, all of the various Defendants are lumped together and broadly accused of participating in the alleged fraud as a single entity. The Complaint is defective because it does not adequately inform each individual Defendant of the specific acts or omissions that have caused him or her (or it) to be sued.

Finally, those few allegations in the Complaint that include some historical facts, (rather than mere conclusions), do not adequately explain how Plaintiff himself was supposedly defrauded. It is alleged, for example, that Defendant Hippe "offered a personal check at the closing that was dishonored," and that some unidentified Defendant delivered both a warranty deed and a contract for deed to the buyer at closing, ("instead of escrowing the warranty deed with a third party until the Contract for Deed was paid in full"). (Complaint, p. 10.) There is no indication, however, that Plaintiff himself received a "bad check" from anyone, that he received an improper deed, or that he was otherwise a target of the alleged fraud. Although Plaintiff claims that he was evicted from the subject property (back in 1993), it appears that his eviction was caused by his own non-payment of rent,

rather than any deception practiced upon him by any of the named Defendants. (Complaint, p. 11.)

Because Plaintiff was not personally deceived by the alleged fraud, it does not appear that he would have standing to bring this action. Indeed, Plaintiff candidly acknowledges that he "did not suffer pecuniary loss as a direct result of [of the alleged fraud] and may not have standing in court ... to pursue a remedy." (Complaint, p. 5.) He attempts to overcome this defect by claiming that this action is "much in the spirit of a Qui Tam Whistleblower," and that the purpose of this action (in his own vague words) is to "find a way to address and terminate the pattern of historic fraud and title distress." (Complaint, p. 4.) These assertions merely confirm that Plaintiff is not seeking relief for any fraud committed against him personally, but rather he is attempting to act as a quasi government prosecutor in this matter. As he has anticipated, however, he does not have legal standing to play that role.

Because of the deficiencies noted above, the Court concludes that Plaintiff's Complaint fails to state any legally cognizable cause of action. It will therefore be recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket

No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 10, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before May 25, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.